Now in session. Please be seated. Good morning. I'm Judge Bennett and with my colleagues, Judge Van Dyke and Judge Holly Thomas. Welcome to the Ninth Circuit. So we have several cases that we have previously submitted. The cases that have been submitted without oral argument are Montez Ramirez v. Garland, Diallo v. Garland, De La Otercios v. Garland. We have four cases set on the argument calendar today and we will take them up in the order in which they appear on the calendar. And our first case today for argument is United States v. Reynolds. Counsel, whenever you are ready. Good morning. I'm John Rhodes from the Missoula office of the Federal Defenders of Montana. I represent Joey Reynolds. I'd like to reserve two minutes for rebuttal. First, I want to address the standard of review. The issue that we've presented to the court is purely a question of law. There's been no prejudice to the government by the fact it wasn't raised below. It's had the opportunity to file its brief and obviously be here today to argue before the court. And it's factually agnostic. But it's still a question of plain error. Yes, we did not object below. But I think the court's exception to plain error review would apply here. With respect to the merits, in Wells, the court ruled unconstitutionally vague a condition of supervised release that provided the following definition of computer. Computer includes any electronic device capable of accessing the Internet or processing or storing data as described at 18 United States Code Section 1030, subsection E, subsection 1. That definition of computer this court ruled in Wells was unconstitutionally vague because it could be understood to encompass common household objects, which we've briefed extensively to the court. Here the condition is even vaguer because there's it doesn't use the word computer and there's no reference to the statutory code to define computer. Instead, all it says is you may own or possess only one device that has access to online services. So it doesn't say you can only own one computer. It's one device. Well, you know, Wells said computer and then it acts and then it pointed to the statutory language. The statutory language was very, very broad, you know, as to what could be a computer. Essentially, anything that had a chip in it seems to me could be a computer. But then at the very end of it, it says, but not a handheld calculator, even though I think that would normally fit under the computer definition. And then it said, or similar device. So you've got this really broad definition that would include a handheld calculator. It specifically accepts out the handheld calculator and accepts out anything that's similar to a handheld calculator. But I could kind of see why that would be vague because essentially you're saying, since you're saying a computer is a processing chip, but we've got this thing that has a processing chip, a calculator and other things like it that aren't a computer, which leaves somebody in the dark. The problem I've got with your argument to Wells is that it doesn't, it doesn't seem to me like there's necessarily a lot of gray area into what can connect to the internet. It's not like there's some devices that may be overbroad. It seems to me like there's nowadays, lots of stuff connects to the internet. But I don't, I don't see where people are confused as to can this device connect to the internet or not? That is why we believe it's even vaguer because an on a device that can connect to online services, as technology evolves is becoming just sort of limited by technological achievement. I'm a little confused because it seems like there's some of your argument, you don't, you don't make a broad, overbroad breadth argument, or do you? Do you make an overbred? No, we didn't raise that we raised. Here's why I'm confused. Because it's true that as technology is further, more and more things may be connected to you. I don't know, maybe this thing's connected to the internet somehow, right? Like, but, but whether or not something's connected to the internet doesn't seem to me a particularly gray. It's not like not like people are like, Oh, this thing can kind of half connect to the internet, like it either, you know, either hooks up to Wi Fi, or it doesn't. So that, that's why I'm having trouble seeing how that's particularly vague. I get your point that it could be broad. But I don't see how it's vague. It's vague in the sense that a person of common intelligence just simply may not know that. And this condition that we're challenging later in the condition talks about sexually explicit materials. But the online device limitation doesn't have that limitation written into it. So, so it would actually, wouldn't that make it kind of more vague if you so it seems to me like it's either an on or off switch as to whether something connected the internet, right? Like, I mean, and you're saying, well, but, but my client might not know that this particular thing is a quote, unquote, smart device, right? That connects to the internet. Okay, but, but it's not vague whether or not it can connect to it. But if you said if you if you coupled that it could connect to the internet with something to do with sexually explicit, like its ability to transfer, that might actually make it more vague because you'd be like, well, here's a device that can connect the internet, but I don't know if this thing can show pictures and you know, it gets almost more vague if you add what you want to add to it. In terms of vagueness, I think you proved our point when you lifted whatever that object is and said, I don't know if this can connect to the internet. That's the point. There's so many devices that are connected to the internet, that a person of reasonable intelligence, common understanding may not be aware of it. When you limit it to it's almost more like ubiquity. It seems to me that's a breath. It's an overbreath argument. You're saying smart devices are ubiquitous nowadays. And so my client, you know, can't pot, you know, he might just end up with one in his home. I don't know about that argument. But, but it's not, it's not particularly a vagueness argument. It's the it's the breath overbreath argument. That's why I say read the condition as a whole, because later it talks about accessing sexually explicit materials. So you'd think, oh, that's what this condition is about. But when you read that language as written, which the court is required to do in sales, the court says that you have to read the language as written. Otherwise, you get to the situation where the probation officer in this instance is exercising discretion to say, well, it says you can only have one device that can access the internet. But we know that isn't what it really means. So I'm not going to enforce it that way. Whereas the next probation officer says, literally, that's what it says. And that's how it's going to be enforced. Do you read the words access to online services as the exact equivalent to access the internet? Access to anything that relies on the words are quote access to online services. Yes. Do you read that as that equals access the internet? I would think online services includes is under the rubric of the internet. So they mean to you exactly the same thing? Access? No, they don't mean exactly the same thing. The internet online services could be under the umbrella of the internet, but it could be just a very narrow sliver. So it's narrower than the internet, online services. It's narrower than the internet. It's narrower than yeah, the internet writ large, because a refrigerator obviously is going to have limited capabilities in terms of what it can access on the internet. The same with any common, I think of the mobile vacuums, it's not going to be able to access the whole worldwide web, it's going to be able to access that access that aspect of online services. And so the point that I'm making is that somebody would not understand that they would think, oh, this is all about, I'm a sex offender, I can't be accessing sexually explicit materials, and not realize that there's all sorts of devices that have access to online services. And think, oh, it's okay for me to have those yet this condition has literally written prohibits that. I'll try to reserve my last two minutes unless there's more questions now. Thank you. Good morning, may it please the court. I'm Jennifer Clark with the government from the District of Montana. Special condition number two is not vague as it relates to Mr. Reynolds. It clearly informs Mr. Reynolds that he is permitted to have one device that is capable of online access, and any additional devices that are capable of online access are subject to probation officer approval. And it's not vague because it doesn't leave him to guess what qualifies. Is a refrigerator that can access the internet covered or not covered? I believe it would be covered, Your Honor. Okay, vacuum cleaner that can talk to the internet, covered? It would be covered. So anything that remotely has any access to the internet is covered. And before he uses it, before he vacuums his living room, if it's one of those things, he has to obtain the prior approval of the probation officer every time he vacuums the living room. No, Your Honor, he would have to get approval for having that device from the probation officer. It says in the third sentence, you must obtain the approval of using any device. Correct. I think reading the condition as a whole, it implies that he gets permission from the probation officer, and it can be a blanket approval from the probation officer that he can have that device. And he'd have to get approval from the probation officer before he bought that vacuum cleaner. Correct. And the argument here that the defendants make, or the appellants making, is that it's vague and that he doesn't understand what that would apply to. And it would apply to anything that has access to online capabilities. And that is not vague. The condition in Wells that this court found vague was a condition that said you cannot use or possess a computer. Then it went on to define what a computer was, saying that it included devices that could access the Internet, as described in the highly technical definition at 18 U.S.C. 1030E1. So it also says in here, your approved devices, which would include the vacuum cleaner we've talked about, right? Your approved devices must be capable of being monitored and compatible with monitoring hardware, software, or other technology approved by the probation officer. How would the vacuum cleaner or the refrigerator be capable of being monitored and compatible with monitoring hardware, software, or other technology? Judge, most of these smart devices use apps, and I believe those apps could be monitored by the probation officer through the computer or whatever device he's using to access that device. And to address the broadness issue in this case, it is a broad condition, but it's necessarily broad to address the nature of this offense and the characteristics of Mr. Reynolds. His offense didn't include just possessing or viewing child pornography. He found a cell phone at a skate park, and he used that to solicit nude photographs from minors. He also sent them nude photographs of himself, and then he used that device to continually harass and threaten them to have them send him further nude pictures. So much to the point, one of the victims begged him to stop and threatened to commit suicide. At sentencing, the district court also noted that Mr. Reynolds was an untreated sex offender, and at his revocation in August of 20- Let me ask a question about a different part of the provision, which is, I'm wondering to what kinds of devices the restriction on additional devices applies to. The condition says you must not own, possess, or use any additional devices, whether or not the device has access to online services. So what are those? I believe that those are devices that are capable of accessing the internet, but might not actually be connected to the internet. It says whether or not the device has access to online services. So is a toothbrush a device? No, it would be a device that's capable of accessing the internet when you read this as a whole. I'm confused about that, because again, it says whether or not the device has access to online services. It doesn't say without online services, it says whether or not. Right. And I believe that's the capability. So you can have an iPad that can be disabled. So it's not connecting to the internet, but it is capable, it has access to it. So whether or not it actually is connected- Well, that's not what it's, that's not what it's, what it just says whether or not it has access to it. So I guess we'll disagree to disagree on the provision. And well, and I believe that because this condition is dealing with access to the online services, that a device that a toothbrush or something that's not capable of accessing the internet wouldn't apply because it's not of a concern. So the government's read of this provision is these additional devices are the same devices that are described above it. It has to be capable of access to online services, whether or not the access is on, off, or disabled, it's covered. But if it's something that had never had any access to online services, like a manual toothbrush, then it's not covered at all. Correct. And going back on just on the vagueness issue on this, the condition here is clear. And the Wells Court actually provided guidance and stated what an example of a condition that wouldn't be unconstitutionally vague was. It stated the district court could have simply issued a ban on all devices that connect to electricity or use electricity, and that would not be unconstitutionally vague. This condition is similar to that condition in that respect. But it is broad. And as we stated, the court identified in this condition, three areas of accessing online services that it was concerned about as it pertained to Mr. Reynolds. It was concerned about access to sexually explicit material, it was concerned with him contacting children, and it was concerned about him gathering information  So the sentence prior to the sentence that I was just asking you about, that says, you must obtain the approval of the probation officer prior to using any device, are we to read that as only applying to online devices that access the internet or devices that are online, even though that sentence doesn't say that? No, that sentence doesn't say that. But the condition as a whole reflects that it is directed to devices that are capable of online access. And the Wells Court even noted on the other condition that it analyzed, talking about requiring a probation officer approval prior to using any device or possessing any device, that it's necessary for a probation officer to deem if that device can access child pornography, and they need to be able to monitor that in order to determine if it's safe for the child. And in this case, we can't protect the public in these three areas if the probation officer isn't allowed to know what devices the offender is possessing or using that are capable of online services. Just to address the plain error, many courts have determined that if a condition is not challenged at the district court level, the appropriate review is plain error review. That's in Sales, in Ansofsky, Reardon, Leupold, and Lacoste. So based on the fact that this condition isn't vague, it clearly states what he's prohibited from having without prior approval. And because the defendant, excuse me, the appellant can't meet the high burden of plain error, we would ask this Court to affirm the judgment. Thank you. Thank you. The Court's questioning of Ms. Clark has exposed the confusion that runs throughout this condition. And confusion is a more common sense word, more on the street word for vagueness. And the way this condition is written, it's really unclear what Mr. Reynolds can possess. And in one sense, it would make no sense. If he has a smart refrigerator, that's all he can possess in terms of devices with access to online services. And somebody could say, well, that's not what it means. Yet, that's exactly what the condition is written, could be interpreted to mean. So counsel, if this had been written in exactly the precise way in answer to our questions, your friend described it. So it spelled out everything your friend said in detail. Would that be overly vague? I'm not really tracking. So your friend talked about what types of devices are covered, only those that have access to online services, et cetera. If this had clearly spelled all that out, would it be vague? So what I think you're saying is if it said it had active, actual access. Well, what your friend said, yes. I would still say it's confusing because somebody would say, oh, Mr. Reynolds, a sex offender. We don't want him to have internet access to sexually explicit material, sexually explicit conduct. It might theoretically be irrational, but would it be vague? If it had all these qualifiers throughout, then that could cure the vagueness. And that's the simple remedy here. Each point the court made in its questioning, all you have to add is with access to sexually explicit material. So if hypothetically our disposition held the government to all of that, but didn't send it back to the district court, would your client be harmed? That the problem with that is this is the condition that Mr. Reynolds, when he's discharged from custody, that's going to be enforced by the probation office. So this condition needs to be unconstitutionally vague. All right. I took most of your rebuttal time. We'll give you another minute if you want it. Thank you, Your Honor. Again, the court's questioning just exposed the vagueness that is rampant. And it's a simple remedy. It's something that we could perhaps, if Mr. Reynolds wanted, just waive his presence in court under the rules of procedure, and this could be remanded so that the district court could add that clarification, that limiting language that it's a device that can access sexually explicit materials, which I'll put this on myself. I was unaware of Wells when Mr. Reynolds appeared, and that was my fault. Since then, this has been brought to the attention of the district court, at least in Missoula, and the language that's resulted, Ms. Clark was there for one of the cases, has that limiting language, access to sexually explicit conduct. So it's a simple remedy. And again, the court's questions have exposed the vagueness. Thank you, Your Honor. Thank you. We thank counsel for their arguments, and the case just argued is submitted.
judges: BENNETT, VANDYKE, THOMAS